**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELDERIC JOHN PHILIP,** | **CIVIL ACTION** |
|     **Plaintiff** | |
| | |
| **VERSUS** | **No. 13-5328** |
| |    **c/w 14-1850, 14-2617** |
| | |
| **HORNBECK OFFSHORE** | **SECTION "E"** |
| **SERVICES, L.L.C., ET AL.,** | |
|     **Defendants** | |

*Applies to:  All Cases*

## ORDER

Before the Court is Defendant Longnecker Properties, Inc.'s motion for interlocutory appeal[1] of the Court's order[2] denying Longnecker's motion for summary judgment.[3]

Plaintiff Elderic Philip ("Philip"), a rigger working for Defendant Longnecker Properties, Inc. ("Longnecker"), filed this suit on August 8, 2013, asserting claims under the Jones Act[4] and for maintenance and cure, unseaworthiness, vessel negligence under the Longshore and Harbor Workers' Compensation Act ("LHWCA"),[5] and general maritime law negligence.[6]

On September 22, 2014, Longnecker filed a motion for summary judgment, arguing in part that Philip is not a seaman under the Jones Act.[7] The Court denied Longnecker's motion on September 30, 2015.[8]

---

[1] R. Doc. 112.
[2] R. Doc. 110.
[3] R. Doc. 39.
[4] 46 U.S.C. § 30104.
[5] 33 U.S.C. § 905(b).
[6] *See* R. Doc. 1; R. Doc. 19.
[7] R. Doc. 39.
[8] R. Doc. 110.

On October 8, 2015, Longnecker filed this motion for interlocutory appeal of the Court's order denying Longnecker's motion for summary judgment, pursuant to 28 U.S.C. § 1292(b).[9] Philip filed a memorandum in opposition to Longnecker's motion on October 20, 2015.[10]

There are three criteria set forth in 28 U.S.C. § 1292(b) that must be met before the Court can properly certify an interlocutory order for appeal: (1) there must be a controlling question of law; (2) there must be a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[11] The moving party bears the burden of establishing that interlocutory appeal is appropriate.[12]

It is within the Court's discretion to certify an order for interlocutory appeal under Section 1292(b).[13] Interlocutory appeals are "exceptional" and should not be granted "'simply to determine the correctness' of a ruling."[14] Longnecker seeks interlocutory review of this Court's determination regarding Philip's seaman status under the Jones Act. An interlocutory appeal would not materially advance the ultimate termination of this litigation. Furthermore, whether an injured worker is a seaman under the Jones Act

---

[9] R. Doc. 112.
[10] R. Doc. 114.
[11] 28 U.S.C. § 1292(b); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981).
[12] *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009).
[13] *Waste Mgmt. of Louisiana, L.L.C. v. Parish*, No. CIV.A. 13-6764, 2014 WL 5393362, at *3 (E.D. La. Oct. 22, 2014) ("This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b)."); *In re Chinese Manufactured Drywall Products Liab. Litig.*, No. 09-4115, 2012 WL 4928869, at *7 (E.D. La. Oct. 16, 2012) (same); *Copelco Capital, Inc. v. Gautreaux*, No. CIV. A. 99-850, 1999 WL 729248, at *1 (E.D. La. Sept. 16, 1999) ("The trial judge has substantial discretion in deciding whether or not to certify questions for interlocutory appeal."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").
[14] *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010) (quoting *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67–69 (5th Cir.1983)).

is a mixed question of law and fact.[15] Longnecker fails to establish that this issue satisfies the requirements of Section 1292(b).

Accordingly;

Longnecker's motion for interlocutory appeal is **DENIED**.

**New Orleans, Louisiana, this 10th day of November, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (1997); *St. Romain v. Industrial Fabrication and Repair Service, Inc.*, 203 F.3d 376, 378 (5th Cir. 2000).